The 4th District Appellate Court of the State of Illinois has now convened. The Honorable Thomas M. Harris presiding. Good morning, counsel. This is case number 4-21-0083, Coit v. Doenitz et al. Counsel, for the appellant, could you state your name, please? Ruth Wyman, on behalf of the appellant, Chad Coit. Thank you. And for the appellee, counsel, please state your name. Greg Mordoch, on behalf of Chris Doenitz. All right. Thank you. Counsel, before we proceed further, I want to inform you that Justice Kavanaugh is a member of the panel that will be deciding this case. Justice Kavanaugh could not be present this morning. However, he will have access to the audio recording of oral argument and will be and he will be a fully participating member of the panel that decides this case. All right. Mr. Mordoch, are you ready to proceed? I am, Your Honor. All right. You may proceed. Your Honor, I'm counsel for appellee. I'm sorry. I beg your pardon. Yes. Ms. Wyman, for appellant, you may proceed. Thank you. And may it please the court and counsel, my name is Ruth Wyman, and I represent the petitioner appellant, Chad Coit. This is a case that revolves around interpretation of the statute. In fact, interpretation, one could say, of a few different statutes. And the appellate court is being asked to review and duty is to review the decision of the Muhammad Township Electoral Board. The review is de novo because it's a statutory interpretation. And there are essentially statutes, it's the statutes, both of the Illinois election code that's being interpreted. And then I think assisted and should be harmoniously interpreted with the Illinois Township Code, because both of those codes address and deal with the township elections around which this case really is focused. And the election code statute under 10 ILCS 5-10-3, the last paragraph states that a candidate seeking election to an office for which candidates of political parties are nominated by caucus, who is a participant in the such caucus is ineligible to be listed on the ballot at that general or consolidated election as an independent candidate. Now, Chad Coit, he had given a letter of intent to be a candidate for Muhammad Township Highway Commissioner, but did not attend the Muhammad Township Republican Caucus. And therefore, we argue and I think the facts show and the case law interpreting those facts show that he was not a participant. Indeed, in the township code 60 ILCS 1-45-50, the relevant part of that statute that talks about these caucuses for electing and not or nominating people for the township talks about in section C individuals participating at an established political township or multi township caucus shall comply with each of the following. And then let me ask you a question. Of course, we're reviewing the decision of the board. And I wanted to ask you, was this issue raised this statute, this language raised before the So the specific language of the township code was not, but the interpretation of statutes was. Does that answer your question? So I think the answer is, no, this is not something that the board was able to decide this on. So is it appropriate for us to consider that at this point? You're correct that the township code was not brought up specifically in the electoral board hearing. But I believe that it's appropriate for this court to look at this one because statutes and courts are to interpret statutes in harmony with each other. This was a township caucus. This was a township electoral board. And so it's the the interpretation. And just as Mr. Murdoch and I bring in additional case law into the trial court or into the appellate court in interpreting the facts, trying to assist the court interpreting facts and statutes. Similarly, we're not trying to add new facts, but assist the appellate court in interpreting whether the electoral board made an appropriate decision. And so the facts are really undisputed. Mr. Coit sent a letter of intent, stating to the Republican caucus that he intended to run for a Republican for the nomination for Republican Township Highway Commission. In the end, he did not end up appearing and therefore did not participate in that township electoral board as there was. And that's uncontested. He did not show up. He did not ask to be nominated. He didn't even know the person who had nominated him until days or weeks later. He had not asked for anyone to second him. And he hadn't asked for anyone to be, I'm trying to remember the term, but essentially to count ballots on his behalf. There were volunteers that were given and apparently Mr. Dunitz had asked for one of his volunteers to do so. But Chad Coit hadn't. He ended up not participating, not attending that electoral or that caucus. And so really under McCarthy v. Street, which is cited by, I think, both parties, and I think is really the seminal case here, along with interpretation of the statutes, we believe that there was no actual participation by Chad Coit because he did not sign an affidavit as one is required to do to participate in a township caucus. And we believe that's very important. Yes. I think you've hit the nail right on the head as far as McCarthy being the seminal case. And I look at this language in McCarthy when they talk about whether or not the candidate took specific, probable, documented actions towards seeking the Republican nomination, which were more active than simply being present and observing. So when I read that language, I think, obviously, even if you're there, you possibly may not be participating. And then, of course, the flip side is what we have here. If you're not there, can you still participate? So help me out here. Did he not take specific, provable, documented actions towards seeking that nomination? He took some steps, but I don't believe that those are sufficient under McCarthy v. Strait to demonstrate that. And in fact, McCarthy v. Strait cites to the Florida Supreme Court case. Obviously, that's not binding, but I think that it's persuasive authority. And in that Florida Supreme Court case, that I note also, in addition to being in McCarthy v. Strait, I cite that in my brief, but in the special tax school district number three versus the state, the Florida Supreme Court notes and concludes that participation as it applies in an election means nothing short of actual voting. And in McCarthy v. Strait, the individuals who attended, who were determined and deemed by the appellate court to not have participated, not only attended, they also were there at the caucus shaking hands, talking with folks on the day of the actual caucus. In this case, Chad Coit had written his letter of intent sometime beforehand and had posted on Facebook. But come the day of the caucus, come the actual caucus, he did not end up, he did not show up, he did not talk with voters who were there or participants who were there and did not otherwise participate. And so I think that is different. And frankly, the McCarthy v. Strait ruling, where they even talk about how people who show up and mill around, talk with the voters, but don't sign in, don't sign an affidavit, are not actual participants. And I think the other thing that was sort of interesting is the McCarthy v. Strait court noted that one does not have to file a withdrawal of their intent to claim or show that they did not participate. And in fact, there was some colloquy in the electoral board hearing showing that Mr. Coit was never asked, no one called when he didn't appear and said, hey, Chad, are you still going to come? Are you still participating? Nothing was done to that effect, to even try to clarify that by the that under the McCarthy v. Strait, and especially as it cites to the Florida Supreme Court and as the statutes are applied in Illinois, with regard to these, Mr. Coit was not a participant and therefore the electoral board erred in determining and ruling that he was a participant and therefore ineligible to run as an independent candidate for the, for Mahomet Township Highway Commission. He's, he was not challenged on any other grounds for which one could be, or there was no other challenge. It was only with regard to that. And again, he did not appear, he didn't ask anyone and actually didn't know the person who had nominated him. And for those reasons, we would ask that the court overturned the Mahomet Township Electoral Board's decision and do so, we would ask very quickly. This is a case obviously that has to do with the April 6th election. The affidavit of the county clerk advises, and that was filed with our motion for a stay that the court denied. But it notes that it will take several days for the county clerk to be able to amend the ballot to allow the voters an actual choice, because right now there's only one person on there. We have tried to accelerate this case as much as possible, filing the notice of appeal and a motion to accelerate. We filed the brief actually before the motion to accelerate was even granted. And we appreciate that the court granted the motion to accelerate. We had not asked for oral arguments in an effort to try to allow the court to move forward so that it would give the county clerk enough time and sufficient time to amend the ballot so that the voters would have an actual choice in selection, which we believe is also important. We're asking for the immediate relief, and if the court would issue an order, we would ask as soon as possible. I think that the facts are laid out sufficiently by the parties and the case law to even issue an order today that the county clerk is ordered to include Chad as a candidate, independent candidate for Mohammed Township Electoral Board. This is a case where the phrase justice delayed is justice denied is hits the nail on the head. And we're asking that the court allow the relief that we're requesting it and and allow the voters to have a choice in the Mr. Moore. Doc, you may proceed. Thank you. And may it please the court and council. I represent the appellee of Jekyll Chris Dennis. In this matter, there are two issues presented to the court for review, and I'll touch on the first one, which was not discussed in the argument in chief, and that is the subject matter jurisdiction of this court. In order to for this court to obtain jurisdiction, the circuit court must have had jurisdiction and is the position of us that the circuit court never properly obtained jurisdiction in this matter. There are four prerequisites under the election code for judicial review of an electoral board decision. The a petition must be filed with the clerk. Service must be obtained by registered or the aggrieved parties, including the electoral board. The petition must state why the board's decision should be reversed, and a proof of service needs to be filed with the clerk of court. This course, this mode of procedure must be strictly pursued. If it is not, the Supreme Court has held that no jurisdiction is conferred upon the circuit court. In this case, the fourth appellee objector before Mr. Dennett's moved to dismiss this case for lack of subject matter jurisdiction. The fact remains that more than five days passed between the decision of the electoral board and the filing of the proof of service. We had a hearing in this matter to establish the accelerated timeline and accelerated briefing schedule, which is necessary in these election cases because we are dealing with a tight time frame. When we had our initial hearing in front of the judge and were setting this briefing schedule, I raised the fact that there was a jurisdictional issue that needed to be addressed, and it was not until I filed my motion to dismiss the cause for lack of subject matter jurisdiction that Mr. Coit filed his proof of service with the clerk of the court. Now, there are three cases that have been cited by the parties in this case addressing this exact issue. The first is the Nelson case, which was a 2009 case, which found that failing to file the proof of service within the time provided in the election code was grounds for dismissal of the petition. That case was overturned on different grounds, that being the service that's required on the electoral board and its remain, and was not overturned on appeal. The other two, McDonald and Carl Sare, those two cases found the opposite. Those two cases found that the proof of service did not need to be filed within the time frame, that being five days, but neither of them actually addressed in any detail that argument. They simply held that the statutory language did not put the five-day requirement in the sentence where it required the proof of service, despite it being in the paragraph. It wasn't included in that sentence, and neither of those courts wanted to read into that statute the five-day requirement. However, it is the position of the appellee that it's not reading into the statute words that's not there, it's simply reading the statute as a whole. The provision of the election code section 1010 requires jurisdiction to be obtained by the circuit court within five days of the electoral board filing the decision. In this case, it was not because the fourth factor for obtaining jurisdiction was not filed until after that five-day requirement. The practical effect of this is after five days, these township electoral boards have a requirement to transmit their order to the election authority so the election process can continue, so the ballots can be certified, and so the printing can begin, and so the election can get underway. That's why we're on such a tight time frame. If the proof of service is not jurisdictional, then that time begins to expand and expand greatly. If that proof of service requirement can be cured at any time during a hearing all the way up until the actual hearing on the merits of the petition, then you have the electoral board in limbo on what to do with the objection itself as opposed to how the statute section 1010 and 1010.1 read, which is a petition needs to be perfected within five days, and if it's not, the electoral board needs to transmit that to, in most cases, the county clerk. Mr. Mourad, I have a question for you. Obviously, you know, you're arguing that, you know, when would the time end? This could, you know, end up in a situation where we are very far out, but that's not our situation here, correct, given that the court's attention, right? Correct. I wonder what is the significance, if any, with the fact that you have the five days mentioned in the one sentence, and then it's not mentioned in the sentence that specifically speaks to when the proof of service with the clerk must be filed. I do not put significance into that particular requirement, because then the election code would read repetitive that you have to obtain jurisdiction, and you have to take these steps, and it would just repeat the five days over and over and over again for each of these. When reading section 1010 as a whole, it makes sense that the petition needs to be filed and proof of service needs to be filed with the clerk of court. In this particular case, as we were preparing for the hearing on the 28th of February, or no, on the 28th of January, as we were preparing for the hearing on the 27th, my client still had not received a certified or registered letter. So, as we were getting ready for our first appearance in front of the circuit clerk, we had no idea whether or not service was sent to us or the board, and that's the point of the proof of service, because we could have had service not been proper, or it could have easily been disposed of by the court on the 28th, and that's the purpose of the proof of service as reflected in the Nelson case. It's to inform the court that proper service has been sent. It's not a high burden on the practitioner. We do this with almost all motions that we file in any court. They're accompanied with a proof of service, and it really aids the court in these tight-framed cases, and it makes more sense as a practitioner as well, because if this jurisdictional element could be cured at any time, then it makes no sense to raise it at the circuit court level and to just bring any adverse decision up to this court so it could dispose of the subject matter jurisdictional question if the proof of service has never been filed. I believe that statutes are not intended to lead to such results, which is why we believe that the five-day requirement under the proof of service is the more soundly reasoned decision. Moving on to the second issue, the real issue in this case is the interpretation of the election code, the question of whether or not Mr. Coit participated in the Republican caucus. There is no interpretation and no review of the township code that's required as argued by Mr. Coit. The township code is not ambiguous, and it's been raised in this appeal as informing the requirements of the election code, but this is not new. This language has been in the township code since prior to the McCarthy case, so it was it was present for the McCarthy decision, and McCarthy v. Street is the case that governs this matter, and that court looked at the factors. It had different slates of candidates who took different actions, and it crafted a rule based on those. The rule is that there must be something more than being present and observing, and the candidate must engage in specific provable documented actions that would be fatal to a third-party candidate, and Mr. Coit meets both of those requirements. He's not like the candidates in McCarthy who merely observed, merely was present. He took affirmative steps. In fact, he took every step necessary to be nominated. The electoral board found that he qualified as a candidate for being nominated at the caucus, and the Republican caucus had rules in place that were more specific than other townships. They had the requirement that a letter of intent be sent, and Mr. Coit met that requirement. He campaigned in the record. He posted to Facebook. He sent unsolicited mailings. He was nominated. He asked people to attend on his behalf. Ms. Norman testified, and the electoral board found this credible that Mr. Coit had asked her to attend the caucus on his behalf. The only reason he's not the nominee for the Republican party is because he did not receive enough votes, and so he could have very well been the nominee, and accordingly, he should be deemed to have participated in the caucus. The goal of the factionalism within a party. What it's intended to do is prevent the loser of a primary process, whether it be a primary election or a caucus, to take that candidate's supporters and run as an independent or run as a new political party and pull those voters away from the established political party. That's exactly what would happen if Mr. Coit was allowed to run as an independent candidate after he campaigned, was named as a candidate, was nominated, and received votes. There are 17 voters, 17 caucus voters that he could take with him to run as an independent candidate, weakening the Republican ticket for Muhammad Township Highway Supervisor. It's important to note that McCarthy, from the McCarthy slate, he testified that he did not in any way encourage or discourage his name from being put into nomination. This is not the case that we have before the court today. Mr. Coit did encourage his name to be put into nomination. He did want the Republican nomination. His intent to become the Republican nominee informs his intent to participate in the Republican caucus. The Florida Supreme Court case that required voting, that had to do with a referendum. It was not on school bonds. It was not a caucus where they were are there different levels for the person or thing to be voted on for them to engage in actions. The referendum was presented. The referendum could not engage in specific provable documented actions. The thing being voted on could not engage in the actions or do anything more, which is why the Florida Supreme Court said, well, in this case, to participate, it means to vote in that election. But the McCarthy case was careful and the McCarthy court were careful to move beyond that to craft the rule that there must be specific provable documented actions. Again, the McCarthy case crafted this rule, even with the language in the Township Code, which is relied upon by Mr. Coit, even with that being present. The McCarthy court could have simply said, well, no, a participant needs to sign an affidavit stating that was stating as required by the Township Code. That is what is required for participation. McCarthy court did not do that. And and one of the reasons that it likely did not do that is because that that particular section of the Township Code is directory. It's not mandatory. And we've cited the Ferguson v. Ryan case, which looked at Section 45-50 of the Township Code. Subsection A of that Township Code actually lists the requirements for voting in a township caucus, the residency requirements. And that subsection starts by saying a township, a person shall not be a voter in the township caucus unless and then it lists out the requirements. That's not the language that subsection B, which lists out the rules for operating a caucus, or subsection C, which in which the affidavit language is found. Neither of those start with this being a requirement. And Ferguson looked at subsection B and subsection C and determined that because there is no prohibition on it, the word shall is actually directory in this case and and held that in fact it didn't it they did not need to be followed. So an individual actually can be a participant in a caucus without signing the affidavit because that requirement is directory, not mandatory. Now the affidavit, which is which is put out by the electoral board, or at least a form one, actually talks about it being an affidavit of voters to in the affidavit is swearing that they are actually allowed to vote in in the caucus. And we discussed this or the the court of the circuit court actually asked this question, is there a difference between participating at and participating in a a caucus because the section section or and there would be because you can participate in a caucus in a caucus without actually being physically present at a caucus. The McCarthy case stands for the proposition that attendance does not mean participation. And there needs to be something more. And in this case, or something specific and provable and documented other than mere attendance. In this case, Mr. Coit ticks those boxes with with his actions leading up to that caucus. The the statutory language in subsection c of the township code says individuals participating at an established political party township, or multi township caucus. The electoral code specifically says participating in a caucus. And in this case, Mr. Coit participated in the Muhammad township caucus, Republican caucus without actually physically being present at the found to be in eligible to be nominated. He was in fact nominated. And he received, he received votes, he did not receive enough votes. And since he was defeated, he should be locked out of running as an independent candidate. For these, for these reasons, unless the court has any questions, we ask that the decision of the Muhammad township electoral board be affirmed on appeal. And if this has jurisdiction that it find that the Muhammad township electoral board was correct in finding that Mr. Coit engage or participated in the caucus, and that the electoral board decision to have him removed from the ballot be affirmed. Thank you. Thank you, Mr. Moore. Doc, Ms. Wyman rebuttal argument. Thank you on the issue of whether the court has jurisdiction. There are two cases that I think interpret this accurately and show that in fact, the appellate court has jurisdiction and the circuit court had jurisdiction. And that is with regard to there's the Carlos air versus will county officers electoral board, one called Illinois at third 120699. And then the McDonald versus Cook County officers electoral board 2018. In lab first 180406. And specifically, and as I note in the reply brief, these cases, I believe both of them came out after the cases cited by Mr. Mordock in his arguments. And as and as I note, and as as Justice Holder white noted, the requirements under the statute, and it's a statute, not the statutes would govern, show that what is that the filing with the court has to be within five days. But the proof of service requires no such has no such timeline. And so it would be improper and inappropriate to read the statute, or to to sort of redo the statute when it's that that is the legislature's job. And the case law has the in Carlos air, the objectors alleged that the court lacks a subject matter jurisdiction, because the proof of service of the petition for judicial review, they claimed was required to be filed with the circuit court circuit clerk within five days of service of the electoral board's decision and had not been done, which is exactly what Mr. Dennis is arguing and reviewing that specifically 10 ILCS five slash 10 dash 10.1 subsection a, they rejected that argument as this court should as well, and held that quote, in our opinion, although the statute requires proof of service to be filed, it does not require that the filing take place within five days. That was a paragraph 17 of the Carlos air decision, the McDonald v versus Cook County officers electoral board, which was decided six years later in 2018, notes the plain language of the statute, and then states a party seeking judicial review must serve a copy of the petition upon the electoral board and other parties to the proceeding by registered or certified males in five days after service of the decision electoral board, the petitioner shall file proof of service with the clerk of the court. Again, as Justice Holder white noted, it doesn't require within proof of service being filed within five days. But on to the main issue, there's really a difference between intent and participation. I may intend to marry someone and I may even ask them to marry, marry me and I may get engaged in them. But that doesn't mean that I am married, that doesn't make me the participant in a marriage, I may intend to be employed. And I may be and I may send a letter requesting employment or an application, but that doesn't make me employed. And similarly, when one sends a letter of an intent to participate, that doesn't make one a participant. And ruling as Mr. Dennis is suggesting, could really play some pretty political games here, where you might end up finding at the next political caucus that Mr. Dennett's instead of being nominated, or maybe in addition to being nominated as a highway township commissioner at the Republican caucus, the court deems that he need not appear, then he could be nominated at the Democratic caucus just shortly before the Republican caucus and be listed as the Mr. Dennett's, under Mr. Dennett's suggestion of interpretation of the statute. The caucus, I think it's also important to note that primaries are very different than caucuses, because caucuses you show up for, you vote that night, and then you fill out the forms, where when you file as a candidate for where there's a primary Republican or Democratic primary, you have to go, the candidate has to actually collect signatures, actually file a statement of candidacy, file a statement of economic interest and file that paperwork. And so the candidate is much more in control of whether they participate when it's in a primary. But the caucus really just happens that night, the night of the statutory listing of when a caucus occurs. And so participation, really, under statute, and I believe under the interpretation of McCarthy v. Strait, and the interpretation of the statutes really shows that you must, in order to participate, must be present. And the Township Code, I think, helps to interpret the statutes. Statutes need to be followed. And following the Township Code and Electoral Code, and the interpretation by McCarthy v. Strait, I think calls for a reversal of the Muhammad Township Electoral Court's decision. Ms. Wyman, your time has expired. Thank you. All right. Thank you. Thank you, counsel both. The court will take this matter under advisement and issue a written decision. Thank you.